# UNITED STATES DISTRICT COURT

for the

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Brian Ott, owner of Riano's LLC (dba Uncle Earl's) | ) ) ) | Civil Action |
| Complainant | ) ) ) | |
| | ) | Case No: _____ |
| versus | ) ) | |
| Jon Bell Edwards, Governor, State of Louisiana; Sid Gautreaux, East Baton Rouge Parish Sheriff | ) ) ) ) | |
| Defendants | ) ) | |

## COMPLAINT

COMES NOW the Complainant, Brian Ott, owner of Riano's LLC, and for a cause of action would show unto this Honorable Court as follows:

### *INTRODUCTION AND GENERAL ALLEGATIONS*

1.       This is a civil action, under 42 U.S.C. § 1983, for money damages against;

    1) **Jon Bel Edwards**, Governor, State of Louisiana;

    2) **Sid Gautreaux**, East Baton Rouge Sheriff, in his official capacity;

for committing acts under the color of law and depriving the Complainant of rights secured by the

Constitution and laws of the United States, and other claims as set forth below, who are liable to the Complainant for these acts and/or omissions, as set forth below.

## *JURISDICTION AND VENUE*

2.         This action arises under the Fifth and Fourteenth Amendments to the United States Constitution and under the Civil Rights Act of 1871, 42 U.S.C. section 1983.

3.         The Court has jurisdiction under 28 U.S.C. sections 1331, 1343 and 1367.

4.         Venue is proper under 28 U.S.C. section 1391 in that the Defendants and Complainants reside, and the case of action arises in, the Middle District of Louisiana.

## *THE PARTIES*

5.          Brian Ott, owner of Riano's LLC (dba Uncle Earl's) (herein after "Complainant"), is a persons of the full age of majority and a resident and citizen of Baton Rouge, East Baton Rouge Parish, Louisiana. The Complainants is a person authorized to bring this suit under 42 U.S.C.A. § 1983.

6.         First named Defendant; **John Bel Edwards**, is the Governor of the State of Louisiana, who was at all times pertinent to this action, an individual, duly elected, and acting under color of law, in the course and scope of his position as Governor and, while acting in that capacity, caused

the issuance of executive order 2016-56, on August 16, 2016 [1], and in so doing violated the federal

civil rights of the Complainants.

7.        Second named Defendant; **Sid Gautreaux**, is the Governor of the State of Louisiana,

who was at all times pertinent to this action, an individual, duly elected, and acting under color of

law, in the course and scope of his position as Governor and, while acting in that capacity, and

pursuant to executive order 2016-56, issued on August 16, 2016 by the Governor of the State of

Louisiana, did issue a curfew in the Parish of East Baton Rouge, in violation the federal civil rights

of the Complainants.

8.        Each of the Defendants committed the unconstitutional acts herein after complained of

while acting under color of state law.

9.        That each of the Defendants is sued in their official and individual capacities, where

applicable.

*FACTS*

10.       On August 12, 2016, the State of Louisiana experienced historic rainfall and

devastating flooding, and specifically in East Baton Rouge Parish.

11.       In response to this natural disaster, and after considering the scope of the damage, the

---

[1] Attached as Exhibit "A"

3

Governor of the State of Louisiana issued executive order 2016-56, on August 16, 2016, in accord with Louisiana Revised Statutes 14:329.6 [2], granting the "chief law enforcement officer" of a political subdivision, namely the Sheriff of East Baton Rouge Parish, the "ability" to establish a curfew, "…in order to protect life and property and to bring the emergency situation under control." [3]

12.     The curfew that was put in place by the Defendants was not necessary and the conditions precedent for this kind of loss of liberty were not present in East Baton Rouge Parish when the curfew was enacted on August 16, 2016.

13.     The current facts and circumstances of the natural disaster and recovery in East Baton Rouge Parish, as of August 19, 2016, if ever posing a sufficient threat under State law, at this time no longer pose a threat to persons or property sufficient for the continued curfew, and in so continuing the curfew the Defendants are violating the Constitutional rights of the Complainant under the color of state law.

14.     The same public safety and protection of property rights can be accomplished by less restrictive means, such as curfew in areas still affected by flooding to the degree that police officers are not able to patrol normally in those areas, if such exists.

15.     The Mayor of Baton Rouge and Parish President, Kip Holden, has stated publicly that

---

[2] Attached for reference as Exhibit "B".
[3] Id.

the curfew is not necessary, and that it was politically motivated.[4]

## *CAUSE OF ACTION*

## **TORTIOUS INJURY / INTERFERENCE**

(Under the United States Constitution, Bill of Rights, Fifth Amendment; and the Civil Rights Act

of 1871, 42 U.S.C. §1983)

Complainant re-alleges and incorporates here by reference paragraphs 1 through 15, as though fully set forth herein.

16.	When the Defendants, John Bel Edwards and Sid Gautreaux, enacted a curfew, and/or continued the curfew beyond that which was necessary, they tortuously interfered with the business operation of the Complainant.

17.	This tortious interference has resulted in, and will continue to result in a loss of business revenue, good will, and liberty to operate their businesses without injury, for the Complainant.

18.	The loss to these businesses is easily quantifiable given the long record of sales in the business, and is having, and will continue to have an immediate irreparable injury to the Complainant.

---

[4] See article from Baton Rouge Advocate, attached as Exhibit "C".

19.        The Complainant himself, along with the citizens of the Parish of Baton Rouge and the surrounding area that he employs, many of whom have been profoundly affected by the flooding, are being limited in their ability to earn a living and sustain their lives in this challenging time.[5]

20.        As a direct and proximate consequence of the actions of the Defendants, and harm being foreseeable by the Defendants, given the 'adjustment' of the curfew from 10:00 pm to midnight on August 19, 2016, in affirmation of the economic effect of the curfew, the Complainant has suffered, and will continue to suffer economic loss, loss of good will, loss of income, and loss of earning capacity.

### *DAMAGES*

Complainant re-allege and incorporates here by reference paragraphs 1 through 20, as though fully set forth herein.

21.        That, as a direct and proximate result of the above-stated actions of the Defendants, the Complainant has suffered, and will continue to suffer economic loss, loss of good will, loss of income, and loss of earning capacity.

22.        That, as a direct and proximate result of the above-stated actions of the Defendants, the Complainant have suffered, and will continue to suffer immediate and irreparable harm in the form

---

[5] See generally article from Baton Rouge Business Report, attached as Exhibit "D".

of economic loss, loss of good will, loss of income, and loss of earning capacity.

WHEREFORE, the Complainant pray for judgment against the Defendants, jointly and severally, in an amount to be determined and proven by evidence. The Complainant pray for attorney fees and whatever further relief the Court deems appropriate.

Respectfully submitted:

_____/s/ Jarrett P. Ambeau_____
JARRETT P. AMBEAU
Bar Roll #: 32089
**Attorney for Defendants**
THE AMBEAU LAW FIRM, L.L.C.
804 East Cornerview Street
Gonzales, Louisiana 70737
Phone: 225-647-7529
Fax: 888-821-3163
Email: ambeaux@msn.com

_____/s/ Juan M. Delgado_____
JUAN M. DELGADO
Bar Roll #: 26624
**Attorney for Defendants**
JOHN M. DELGADO, Attorney at Law
251 Florida Street, Suite 313
Baton Rouge, Louisiana 70802
Phone: 225-378-3001
Email: johndelgadolaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of August, 2016, the above and foregoing pleading was electronically filed into the Court's ECF filing system, and that the defendants were served via email and/or hand delivery to the following:

1. Governor John Bel Edwards
Through Executive Counsel to the Governor
Matthew Block
Office of the Governor
P.O. Box 94004
Baton Rouge, LA 70804
matthew.block@la.gov

2. Sheriff Sid Gautreaux
Through counsel for the Sheriff
Mary Erlingson
301 Main Street #2110
Baton Rouge, LA 70801
merlingson@erlingsonbanks.com

s/ Jarrett P. Ambeau_____
JARRETT P. AMBEAU

_____/s/ Juan M. Delgado_____
JUAN M. DELGADO